## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CLIFTON POWELL,
*Plaintiff*,

v.

No. 3:20-cv-845 (JAM)

AMANDA *et al.*,
*Defendants*.

## ORDER TO SHOW CAUSE WHY COMPLAINT
## SHOULD NOT BE DISMISSED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

Plaintiff Clifton Powell has filed a *pro se* federal civil rights complaint against numerous defendants whom he accuses of taking actions that wrongfully led to his hospitalization. Because it appears that the complaint does not allege plausible grounds for relief under federal law or allege any state law causes of action over which a federal court would have jurisdiction, I conclude that the complaint is likely subject to dismissal. Before dismissing the complaint, however, I will allow Powell an opportunity to file a response to explain why the complaint should not be dismissed.

### BACKGROUND

The complaint names as defendants two doctors (Halevoor Mahalingaih and Donald Edwardson), two female individuals by first name only ("Amanda at Mobile Crisis" and "Tosha at Mobile Crisis"), and "Jane Doe." Doc. #1 at 1. Although parts of the complaint are difficult to understand, Powell alleges that all five defendants "had plaintiff confined just for brow[s]ing the Internet which he is allowed to brow[se]." Doc. #1 at 4. He ended up being confined at Waterbury Hospital and Connecticut Valley Hospital for three years, from June 2017 to August 2020. *Ibid.* He was allegedly confined because he sent an information request to an agency. *Ibid.*

1

In addition, "each defendant cause[d] plaintiff to be unable to file suit[]s against over 100 other people and agenc[ies]." *Id.* at 5.

The complaint describes the individual actions of the defendants as follows. Defendants "Amanda" and "Tosha" at Mobile Crisis set things in motion when they "investigated and questioned plaintiff in the beginning of June 2017 about freedom of information requests[s] he sent." *Ibid.* They caused Powell to be "confined wrongfully on June 21st 2017 [] just for sending the freedom of information request." *Ibid.* "Jane Doe was the ambulance employee who came to take plaintiff to Waterbury Hospital on Wednesday, June 21st, 2017," and she has been "sued" because she "should have properly reviewed the reason, event leading to having them take plaintiff to the hospital." *Ibid.* Dr. Mahaliagaih "had plaintiff confined on Wednesday June 21st, 2017 just for sending for the information." *Id.* at 4. "Doctor Edwardson at Waterbury Hospital should have found that to write to meet new people ain't such that allow plaintiff to be confined." *Id.* at 4.

Powell seeks damages of $300 per day from each defendant for the more than three years that he has been confined. *Id.* at 6. Powell's address of record is a mental health treatment facility at the Connecticut Valley Hospital.

## DISCUSSION

The Court has authority to review and dismiss a complaint if it is "frivolous or malicious," if it "fails to state a claim on which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). If a plaintiff is a *pro se* litigant, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g., Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not

survive dismissal if its factual allegations do not establish at least plausible grounds for a grant of relief. *See, e.g., Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Powell may promptly respond or file an amended complaint that addresses these concerns.

The Court's initial review suggests that the complaint is subject to dismissal for at least two reasons. First, the complaint does not allege that the defendants were government employees or otherwise acting under color of governmental authority. Powell alleges a claim under 42 U.S.C. § 1983. This federal civil rights statute allows a plaintiff to seek relief against a person who acts under color of state law to violate a plaintiff's federal constitutional rights. A prerequisite for any claim under § 1983 is that the defendant have acted in a governmental capacity—that is, that the defendant was a "state actor" for purposes of the conduct that a plaintiff claims the defendant should be liable. Put differently, a plaintiff may not maintain an action under § 1983 against a private party unless the plaintiff shows that the private party's actions amounted to action that was undertaken in a state or governmental capacity. *See Fabrikant v. French*, 691 F.3d 193, 206-09 (2d Cir. 2012).

"A private entity acts under color of state law for purposes of § 1983 when (1) the State compelled the conduct [the 'compulsion test'], (2) there is a sufficiently close nexus between the State and the private conduct [the 'close nexus test' or 'joint action test'], or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State [the 'public function test']." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (internal

quotations omitted). Thus, "[t]he fundamental question under each test is whether the private

entity's challenged actions are fairly attributable to the state." *Ibid.* (internal quotations omitted).

In *McGugan*, the Second Circuit considered whether a private hospital was a state actor

for purposes of a § 1983 claim by a plaintiff who was subject to civil commitment and

involuntary mental health treatment after he was brought to the hospital by police officers. *Id.* at

227-28. "[T]he question [was] whether the forcible medication and hospitalization of [plaintiff]

McGugan by private health care providers can fairly be attributed to the state." *Id.* at 229.

The Second Circuit answered this question in the negative. Despite the fact that the

hospitalization of the plaintiff had stemmed from the state action of the police officers, the

Second Circuit could not "discern" any reason "why the conduct of private actors should become

attributable to the state merely because it follows in time the conduct of state actors." *Id.* at 230;

*see also Meadows v United Services, Inc.*, 963 F.3d 240 (2d Cir. 2020) (private mental health

workers not "state actors" for purposes of § 1983 claim); *Amid v. Chase*, 720 F. App'x 6, 10-11

(2d Cir. 2017) (private hospital was not state actor for purposes of § 1983 claim against hospital

stemming from detention for mental health treatment). In short, it appears that Powell's

complaint is subject to dismissal on the ground that it fails to plausibly allege that any of the

defendants were state actors as required for liability under § 1983.[1]

Second, Powell's complaint may also be barred because it appears from his address of

record that he continues to be confined at the Connecticut Valley Hospital and, if his

confinement is by reason of a court order, he does not allege that the court order of confinement

---

[1] In addition to alleging a cause of action under 42 U.S.C. § 1983, Powell also alleges that defendants are liable under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Doc. #1 at 2. A so-called *"Bivens* action" exists only against federal government actors. *See, e.g., Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001). Powell's complaint lacks any allegation of federal government involvement. *See, e.g., Housand v. Heiman*, 594 F.2d 923, 924 n.1 (2d Cir. 1979) (*per curiam*) (noting that "a *Bivens*-type suit requires federal action in the same manner as § 1983 requires state action").

4

has been overturned or invalidated. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that in order for a plaintiff "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.

The rule of *Heck v. Humphrey* applies to claims for money damages based on alleged wrongful civil commitment. *See Thomas v. Eschen*, 928 F.3d 709, 711-13 (8th Cir. 2019); *Narcisse v. Delphin-Rittman*, 2017 WL 396137, at *2-3 (D. Conn. 2017). Because it appears that Powell remains subject to an order of civil commitment and because he does not allege that this order has been invalidated, he may not at this time pursue a damages remedy under § 1983 for damages arising from his allegedly wrongful civil commitment.

To the extent that the complaint may be construed to allege any claims that arise under the state law of Connecticut, this Court has no jurisdiction over such state law claims. Federal courts do not generally have subject matter jurisdiction over state law claims unless the plaintiff is a citizen of a different State than the defendants. *See* 28 U.S.C. § 1332 (diversity jurisdiction); *Pa. Pub. Sch. Emps.' Retirement Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 118 (2d Cir. 2014) (exercise of federal jurisdiction requires "'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants"). Because the complaint identifies each party by reference to addresses in Connecticut, it appears there is no basis to conclude that the Court has jurisdiction over any state law claims.

## CONCLUSION

For the reasons stated above, it appears that the complaint is subject to dismissal for failure to allege any plausible grounds for relief under federal law or to allege any state law claim that is subject to the jurisdiction of a federal court. The Court will allow Powell an opportunity to file a response by **November 13, 2020** to explain why this action should not be dismissed or to file by that date an amended complaint that sets forth factual allegations to overcome the concerns stated in this ruling.

It is so ordered.

Dated at New Haven this 29th day of October 2020.

/s/ *Jeffrey Alker Meyer*_____
Jeffrey Alker Meyer
United States District Judge